UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. EDCV 13-00964-CJC(OPx)             Date: June 17, 2013

Title: FEDERAL HOME LOAN MORTGAGE CORPORATION V. LAURA V. SPENCER

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") filed this state law action for unlawful detainer against Defendant Laura V. Spencer in the Superior Court of the County of San Bernardino on February 11, 2013, seeking less than $10,000 in damages. (Dkt. No. 1 ["Compl."].) Plaintiff seeks possession of the property at 27703 North Bay Road, Lake Arrowhead, CA 92352, which was sold to Plaintiff at a Trustee's Sale on October 19, 2012. (*Id.* ¶¶ 7–8.) On May 28, 2013, Ms. Spencer, acting pro se, removed the action to federal court alleging federal question jurisdiction. (Dkt. No. 1. [Notice of Removal].) In her Notice of Removal, Ms. Spencer mentions several statutes which she claims are implicated in this action and give rise to federal jurisdiction: the Fair Debt Collection Practices Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Homeowners Equity Protection Act, Generally Accepted Accounting Principals, and the "Universal Commercial Code." (*Id.* at 2.) Before the Court is Plaintiff's ex parte application to remand this case to state court. For the following reasons, the Court **GRANTS** Plaintiff's ex parte application and **REMANDS** this case.

     The party removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 13-00964-CJC(OPx)                                    Date: June 17, 2013
                                                                                           Page 2

---

of removal in the first instance."). In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. A cause of action arises under federal law only when a federal question appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

In her Notice of Removal, Ms. Spencer mentions several federal statutes that she claims are implicated in this action. It is not clear whether Ms. Spencer is asserting that Plaintiff's claims arise under the statutes, or whether her defenses are based on the statutes. Either way, she has failed to meet her burden of establishing federal jurisdiction. This case appears to be a straightforward action for unlawful detainer, a state-law claim. Plaintiff does not bring a single cause of action arising under federal law, and the federal statutes cited by Ms. Spencer are entirely absent from the Complaint. If such statutes were to arise in this case, they would only arise in the context of a defense or counterclaim, neither of which can form the basis for federal jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Because there are no federal questions on the face of Plaintiff's well-pleaded Complaint, there is no federal question jurisdiction.

Additionally, this case should be remanded because Ms. Spencer has failed to comply with the removal requirements of 28 U.S.C. § 1446. Pursuant to this code section, the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." *Id*. Ms. Spencer was served with the Summons and Complaint on February 16, 2013. (Pl.'s Request for Judicial Notice Exhs. 2, 3.) However, she did not file her Notice of Removal until May 30, 2013, well past the 30 day window for removing an action to federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 13-00964-CJC(OPx)          Date: June 17, 2013
         Page 3

       For the foregoing reasons, the Court **GRANTS** Plaintiff's ex parte application and **REMANDS** this action to state court.

mtg

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk MU